## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

Joseph Gurney,

              Plaintiff,

    vs.

Novant Health, Inc.,

              Defendant.

Civil Action No. _____

**NOTICE OF REMOVAL**

**TO:   THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA; THE GENERAL COURT OF JUSTICE, NEW HANOVER SUPERIOR COURT DIVISION; AND PARTIES AND ATTORNEYS OF RECORD**

Defendant, Novant Health, Inc. ("Novant"), submits this Notice of Removal of the above-captioned action from the General Court of Justice, Superior Court Division, New Hanover County, State of North Carolina, to the U.S. District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. As grounds for removal, Novant states as follows:

### PLAINTIFF'S COMPLAINT

1.     On June 22, 2022, Plaintiff, Joseph Gurney ("Plaintiff"), commenced this action, captioned *Joseph Gurney v. Novant Health, Inc*., Case No. 22 CV 002151, in the General Court of Justice, Superior Court Division, New Hanover County.

2.     Plaintiff's Complaint asserts three causes of action all arising out of his former employment with Novant, including a federal claim against Novant for alleged unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 203, *et seq*. ("FLSA"), a North Carolina statutory claim for alleged unpaid wages pursuant to the North Carolina Wage and Hour Act, N.C.G.S. §95-25.1, *et. seq*., ("NCWHA"), as well as a North Carolina common law claim of alleged wrongful discharge in violation of public policy.

1

3.　　　Novant accepted service of the Complaint on June 24, 2022. True and correct copies of all process and pleadings filed in state court and served upon Novant are attached hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

4.　　　In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of receipt of the Complaint by Novant. Furthermore, as shown below, all other requirements of 28 U.S.C. §§ 1441 and 1446 are satisfied.

## JURISDICTIONAL GROUNDS
### (Diversity, Federal Question, and Supplemental Jurisdiction)

5.　　　Novant is entitled to removal of this civil action to this Court both on the grounds of diversity jurisdiction, and on the grounds of federal question and supplemental jurisdiction.

### Diversity Jurisdiction

6.　　　This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. A federal district court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ." 28 U.S.C. § 1332.

7.　　　Complete diversity of citizenship exists between the parties, as Plaintiff is a citizen of the State of Georgia (*see* Complaint, ¶ 1, Exhibit A) and Novant is a citizen of the State of North Carolina (*see* Complaint, ¶ 3, Exhibit A). Novant is incorporated in North Carolina and has its principal place of business in North Carolina.

8.　　　Furthermore, the amount in controversy exceeds the sum of Seventy-Five Thousand and no/100 ($75,000.00) Dollars, exclusive of interest and costs. More specifically, in his Complaint, Plaintiff has requested compensatory, liquidated, and punitive damages for the alleged violations of the FLSA and the NCWHA, as well as the alleged wrongful discharge in violation of public policy (*see* Complaint, ¶¶ 16–39, Exhibit A), and he claims damages for unpaid

2

wages, loss of income, lost benefits, lost insurance coverage, relocation costs, damage to reputation and emotional distress, and has not otherwise limited his damages claim (*id*).

9.      Accordingly, removal of this action to this Court is proper.

## Federal Question and Supplemental Jurisdiction

10.     This Court also has original federal and supplemental jurisdiction over this civil action in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

11.     First, one of Plaintiff's claims arises under federal law—specifically, the FLSA—thereby posing a federal question under 28 U.S.C. § 1331 and providing this Court with original jurisdiction.

12.     Second, Plaintiff's state law claims under the NCWHA and for wrongful discharge in violation of public policy arise out of the same common nucleus of operative facts—Plaintiff's employment with and wages received from Novant—as the FLSA claim over which this Court has original jurisdiction.  As such, the state law claims may be removed to this Court on the basis of supplemental jurisdiction under 28 U.S.C. § 1367(a).

13.     Thus, all of Plaintiff's claims form part of the same "case or controversy" under Article III of the United States Constitution, and this case may be removed to this Court in its entirety for this additional reason.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

14.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after Plaintiff served the Summons and Complaint on Novant.

15.     Pursuant to 28 U.S.C. § 1446(a), the documents attached hereto as Exhibit A constitute a copy of all process, pleadings, and orders served upon Novant in this action.

16.     Pursuant to 28 U.S.C. § 1446(d), Novant is serving a copy of this Notice of Removal upon Plaintiff's counsel and will promptly file a copy of this Notice of Removal with the Clerk of Court of General Court of Justice, Superior Court Division in New Hanover County.

17.     Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 3.01(A)(1), D.S.C., venue is proper in this Court and federal district.  This case was pending in the General Court of Justice, Superior Court Division in New Hanover County within this federal district, and Novant does business in this federal district where the alleged acts or omissions giving rise to Plaintiff's Complaint occurred.

18.     Pursuant to Fed. R. Civ. P. 81(c), Novant will file responsive pleading(s) to Plaintiff's Complaint within seven (7) days of the filing of this Notice of Removal.  By filing this Notice of Removal with this Court, Novant expressly preserves, and does not waive, any available defenses to the claims and allegations set forth in Plaintiff's Complaint, including, without limitation, all defenses available to Novant pursuant to Fed. R. Civ. P. 12.

19.     In the event any dispute or question arises as to the propriety of removal of this action, Novant reserves the right to amend or supplement this Notice of Removal to cure any alleged technical defects identified herein, including, without limitation, submission of briefs, declarations, or other evidence in support of the propriety of removal.

20.     Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is submitted by the undersigned counsel for Novant pursuant to Fed. R. Civ. P. 11.

WHEREFORE, Defendant, Novant Health, Inc., respectfully requests that this Court accept this Notice of Removal and undertake jurisdiction in the above-captioned action now pending in the General Court of Justice, Superior Court Division in New Hanover County, that the

same be removed to this Court, and that all proceedings in the General Court of Justice, Superior

Court Division for New Hanover County be dismissed.

Respectfully submitted,

s/Nikole S. Mergo
Nikole S. Mergo (Fed. ID No. 7410)
N.C. Bar No. 27292
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC  29202
Phone:  803.771.8900
Facsimile:  803.727.1429
nmergo@nexsenpruet.com

*Attorney for Defendant*
Novant Health, Inc.

July 22, 2022
Columbia, South Carolina